Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENDRAYA RICHARDS

              Plaintiff

v.

THE CITY OF NEW YORK,
POLICE OFFICER CHRISTOPHER HERNANDEZ (SHEILD# 19022)
POLICE OFFICER JOHN DOE

              Defendants

CIVIL ACTION:

VERIFIED COMPLAINT
JURY CLAIM
AS TO ALL COUNTS

---

## INTRODUCTION

KENDRAYA RICHARDS ["RICHARDS"] a resident of Queens County, State of New York asserts the following claims against the defendants in the above-entitled action:

- Violation of 42 U.S.C. 1983: False Arrest
- Violation of 42 U.S.C. 1983: False Imprisonment
- Violation of 42 U.S.C. 1983: Malicious Prosecution
- Intentional Infliction of Emotional Distress
- Violation of 42 U.S.C. 1983: Conspiracy
- Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Kendraya Richards [hereinafter "RICHARDS"] is a natural person residing in Queens County, New York, United States of America; was a resident of Queens during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendants Police Officer CHRISTOPHER HERNANDEZ (hereinafter "HERNANDEZ"), Police Officer John Doe (hereinafter "DOE"), are employees of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. In the late evening of April 13, 2018, at approximately 10:00pm, RICHARDS parked her car in a parking lot near East 241st Street and White Plains Rd in the County of the Bronx.

11. RICHARDS then caught a cab to meet some friends at a lounge in Mt. Vernon near the Bronx border.

12. RICHARDS stayed at the lounge for approximately three hours and leaves at or about 1am.

13. Before leaving, RICHARDS called a cab to take her back to her car in the aforementioned parking lot.

14. Having had a number of alcoholic beverages, RICHARDS thought it safer to not drive her vehicle. Instead, she reclined the seat all the way back and went to sleep with the car off and keys out of the ignition.

15. At approximately 1:40am, HERNANDEZ and DOE approached RICHARD'S vehicle and began banging on the driver's side window to wake RICHARDS up.

16. Upon being awaken, RICHARDS was frightened and felt her safety was in jeopardy, and consequently called 911.

17. The 911 operator assured RICHARDS that the individuals banging on her window were actual police officers and that I was safe to exit her vehicle.

18. Upon receiving that information, RICHARDS exited the vehicle and was informed by HERNANDEZ that she appeared intoxicated and was subsequently arrested.

19. RICHARDS cooperated with the HERNANDEZ'S and DOE'S instructions, but also adamantly voiced her position that she was not operating her vehicle and therefore should not be arrested.

20. RICHARDS was taken to the 47th Precinct where she consented to taking a breathalyzer test.

21. Upon blowing over the legal amount, RICHARDS was processed, brought to central booking and charged with the A level misdemeanor of Operating a Motor Vehicle Under the Influence of Alcohol.

22. RICHARDS was brought before the judge at approximately 10pm on April 14, 2018.

23. RICHARDS was arraigned on the aforementioned charges and was released on her own recognizance.

24. RICHARDS proclaimed her innocence all the way through the entirety of the case.

25. RICHARDS went back and forth to court approximately 10 times.

26. RICHARDS' final court appearance was on May 28, 2019. On that date the case was dismissed.

27. Having been severely emotionally and psychologically been affected by the aforementioned events, RICHARDS sought and spoke with a therapist in order to heal from the ordeal.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

28. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

30. Acting under color of law, Defendant's engaged in a denial of RICHARDS' rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

31. There was no probable cause for the April 14, 2018 arrest and incarceration of RICHARDS and as a result her constitutional rights were violated.

32. As a result of the Defendant's unlawful and malicious action RICHARDS was temporarily deprived of both her liberty without due process of the law and her right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or Intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. As a result of the unlawful and malicious arrest of RICHARDS for which there was no probable cause, RICHARDS was Incarcerated for nearly 24 hours without justification or consent, whereby Defendants deprived RICHARDS of her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION**

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

DocuSign Envelope ID: B5284295-684C-4235-9EED-9F0C0588D854

DocuSign Envelope ID: B5284295-684C-4235-9EED-9F0C0588D854

36. Defendants, intentionally and maliciously, instituted and pursued a criminal action against RICHARDS that was brought without probable cause and was dismissed in RICHARDS' favor.

37. As a result of the concerted unlawful and malicious prosecution of RICHARDS, the Defendants deprived RICHARDS of both her right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. Defendants intentional and reckless conduct resulted in the extended incarceration of RICHARDS.

40. The failure of the Defendants to properly exercise discretion in who they arrest was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by RICHARDS due to her wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

41. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of RICHARDS.

43. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

44. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

45. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

46. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-40 above, Plaintiff suffered loss of physical liberty and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 8: NEGLIGENCE**

47. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 46 above with the same force and effect as if herein set forth.

48. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

49. Defendants breached that duty to RICHARDS when they arrested her for operating a motor vehicle under the influence of alcohol when there was no probable cause sufficient to support a finding that RICHARDS was in any way committing a crime before the police approached her.

50. As a result of the breach, which was the actual and proximate cause of RICHARDS' injury, RICHARDS suffered harm and damages.

51. Defendants are also liable under the doctrine of *Respondeat Superior*.


WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.


Respectfully submitted,

KENDRAYA RICHARDS
By her attorney
April 5, 2021

_____
Conway C. Martindale II
Martindale & Associates, PLLC
295 Madison Avenue, 12th Floor
New York, NY 10017
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

DocuSigned by:
*Kendraya Richards*
_____
KENDRAYA RICHARDS

Subscribed and sworn to before me, this 5th day of April 2021

_____
Notary Public

CONWAY C MARTINDALE II
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MA6383802
Qualified in New York County
My Commission Expires: 11/26/22